UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIGNANT HEALTH GLOBAL LLC, Plaintiff,<br>v.<br>INVENTUS GROUP LTD, Defendant. | Case No.: 26-7158<br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Signant Health Global LLC ("Signant Health" or "Plaintiff"), b y and through undersigned counsel, brings this Complaint against Defendant Inventus Group Ltd ("Inventus" or "Defendant") for breach of the parties' Supplier Services Agreement dated February 28, 2022, and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for breach of contract arising from Inventus's alleged breaches of the non-solicitation and confidentiality covenants of the Supplier Services Agreement dated February 28, 2022, as amended (the "2022 SSA"), while that agreement was in force. Upon information and belief, Inventus circumvented Signant Health and dealt directly with Signant Health's clients and used Signant Health's confidential information to divert business from Signant Health, in breach of the 2022 SSA.

2. This Complaint is brought in this District because the 2022 SSA provides at Article 17 that the state and federal courts having jurisdiction over the Commonwealth of Pennsylvania have exclusive jurisdiction over actions arising under or related to that agreement. This action is limited to claims under the 2022 SSA. Signant Health's claims under the operative Master Supplier Agreement dated May 22, 2026 are the subject of a separate action in the United States District Court for the District of Delaware, and any claims under the September 15, 2020 Supply of Services Agreement are subject to the exclusive jurisdiction of the courts of England and Wales and are not asserted here.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(2) because this is a civil action between a citizen of a State and a citizen or subject of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff Signant Health Global LLC is a Delaware limited liability company. Its sole member is P-Star Acquisition Co., Inc., a Delaware corporation, with its principal place of business in Pennsylvania. Signant Health is therefore a citizen of Delaware and Pennsylvania. No member of Signant Health, at any layer of membership, is a citizen or subject of the United Kingdom. Defendant Inventus Group Ltd is a citizen or subject of the United Kingdom.

4. This Court has personal jurisdiction over Inventus, and venue is proper in this District, because Inventus agreed in the 2022 SSA to the exclusive jurisdiction of the state and federal courts having jurisdiction over the Commonwealth of Pennsylvania for actions arising under or related to that agreement, and because Signant Health maintains its principal place of business in this District. Venue is also proper under 28 U.S.C. § 1391(b) and (c), and venue over a foreign defendant is proper in any judicial district under 28 U.S.C. § 1391(c)(3).

5. The 2022 SSA provides that it is governed by and construed in accordance with the law of England and Wales. English law therefore supplies the substantive rules of decision for the breach claims asserted herein.

**PARTIES**

6. Plaintiff Signant Health Global LLC is a limited liability company organized under Delaware law with its principal place of business at 785 Arbor Way, Blue Bell, Pennsylvania 19422. Signant Health is a party to the 2022 SSA. Signant Health's sole member is P-Star Acquisition Co., Inc. with an address of 251 Little Falls Drive, Wilmington, DE 19808 and is a citizen of Delaware.

7. Defendant Inventus Group Ltd, formerly known as Sisu-net UK Limited, is a company organized under the laws of the United Kingdom with offices at 1010 Eskdale Road, Winnersh Triangle, Wokingham, Berkshire, RG41 5TS, United Kingdom. Inventus is a citizen or subject of a foreign state.

## FACTUAL ALLEGATIONS

### A. The Parties' Relationship and the 2022 SSA

8. Signant Health provides integrated eClinical and clinical-trial technology, devices, and services to pharmaceutical, biotechnology, and medical-device sponsors and to contract research organizations.

9. On February 28, 2022, Signant Health and Sisu-net UK entered the 2022 SSA, under which Sisu-net UK served as Signant Health's supplier of device procurement, logistics, configuration, and related services. See Ex. A – 2022 SSA.

10. By Amendment 1 dated April 16, 2025 ("Amendment"), the parties extended the 2022 SSA into defined Term 1 and Term 2 periods (which had the effect of extending the contract to 31 March 2026) and confirmed that Inventus Group Limited is formerly known as Sisu-net UK Limited. See Ex. B – the Amendment.

### B. Inventus's Covenants Under the 2022 SSA

11. Article 10 of the 2022 SSA obligated Inventus, during the term and for twelve (12) months following termination, not to directly or indirectly solicit, accept business from, divert business from, or interfere with Signant Health's relationships or with Signant Health's existing customers that Inventus interacted with, was introduced to, or learned confidential information about through its performance under the agreement.

12. Article 8 of the 2022 SSA further obligated Inventus not to disclose or use Signant Health's confidential and proprietary information other than in performance of the agreement.

13. Article 12, of the 2022 SSA also provided that a breach of these covenants would cause irreparable harm, that Signant Health would be entitled to injunctive relief and specific performance, that the period of any restriction would be extended in the event of a breach, and that Signant Health would be entitled to recover its costs and attorneys' fees if it prevailed.

**C. Inventus's Breaches**

14. Upon information and belief, while the 2022 SSA was in force, Inventus solicited and accepted business directly from Signant Health's clients for the same or competing products and services, underselling Signant Health by cutting it out as the intermediary.

15. Upon information and belief, Inventus used Signant Health's confidential information — including client identities and contacts, pricing, and bid and contract information — and engaged former Signant Health personnel who possessed that information to identify and win business from Signant Health's clients.

**D. Signant Health's Damages**

16. As a direct and proximate result of Inventus's conduct, Signant Health has suffered damages including lost clients, lost revenue, and injury to its goodwill and the confidentiality of its business information, in an amount to be proven at trial.

**FIRST CAUSE OF ACTION**
**Breach of Contract — Non-Solicitation (2022 SSA)**
**(Against Inventus Group Ltd)**

17. Signant Health incorporates by reference paragraphs 1 through 16 above as though fully set forth herein.

18. The 2022 SSA is a valid and binding contract enforceable by Signant Health against Inventus under the law of England and Wales ("English Law"). Specifically, there are four essential elements to the formation of a valid contract in English Law: offer and acceptance, consideration, intention to create legal relations and certainty of terms (Mr Jeffrey Ross Blue v Mr

Michael James Wallace Ashley [2017] EWHC 1928 (Comm) at [§49]). There has been no suggestion, throughout the course of the parties' dealings, that these essential elements have not been satisfied with regard to the 2022 SSA; this is because they clearly are.

19. With respect specifically to the non-solicitation provision set out in Article 10 of the 2022 SSA (and more generally, to the negative covenants set out in Articles 8 to 11 of the 2022 SSA), such provisions are enforceable in English law provided that they: (i) protect a legitimate interest; (ii) go no further than is reasonably necessary to protect that interest; and (iii) are not contrary to the public policy (Quantum Actuarial LLP v Quantum Advisory Ltd [2021] EWCA Civ 227 at [§53-§65].). Each of those factors are satisfied in this instance.

20. **Legitimate interest**: Signant Health had a legitimate interest in protecting its confidential commercial relationships with its clients, which Inventus had access to by virtue of its engagement by Signant Health under the 2022 SSA. The purpose of the restrictive covenants, including specifically the non-solicitation provision in Article 10, in the 2022 SSA was to protect Signant Health's legitimate interest during the term of the agreement and for a period of 12 months thereafter. Further, not only was Article 10 freely negotiated and agreed to by Inventus, but the parties expressly record in Article 12 of the 2022 SSA, that the restrictive covenants contained in Articles 8 to 11 of the 2022 SSA are "*reasonable and necessary to protect the legitimate interests of Signiant Health*".

21. **No further than reasonably necessary**: The factors that an English Court will consider when assessing whether a restrictive covenant goes no further than is "*reasonably necessary*" are addressed in Quantum at §65. In summary, however, an English Court will be slow to interfere with an agreement that was freely negotiated between two sophisticated parties of equal bargaining power: Quantum at [§64 and §85]. Specifically, the English Court of Appeal identified

in Quantum at §85 (quoting from a UK Supreme Court case), that the "*strong initial presumption must be that the parties themselves are the best judges of what is legitimate*"; there is no basis for departing from that initial presumption here particularly as Article 12 of the 2022 SSA records that consideration was given by the parties to Signant Health's legitimate interest and how that legitimate interest should properly be protected by the contractual terms agreed between the parties. Further, the restrictive covenant at Article 10 sought only to restrict Inventus in accordance with its terms (summarized above in paragraph 11) during the term of the 2022 SSA and for a reasonable period of 12 months thereafter. The restrictive covenant did not otherwise restrict Inventus's business or prevent Inventus from conducting its trade. It cannot, therefore, be said to go beyond what was reasonably necessary.

22. **Public Policy**: There is no public policy reason which would prevent the terms of the restrictive covenant from being enforced. To the contrary, the English Courts have consistently enforced restrictive covenants between sophisticated commercial entities, as was the case Quantum.

23. Signant Health performed its obligations under the 2022 SSA, or such performance was excused.

24. Inventus breached the 2022 SSA's non-solicitation covenant by directly or indirectly soliciting, accepting business from, and diverting business from Signant Health's clients that Inventus interacted with, was introduced to, or learned confidential information about through the agreement, during the term and within the twelve (12) months following any applicable termination.

25. Under English Law, the general rule is that damages should put the innocent party in the position it would have been in had the contract been performed (Morris-Garner v One Step

(Support) Ltd [2018] UKSC 20 at [§32] to [§37]). In other words, a claimant is generally entitled to recover all the loss suffered as a result of the breach (i.e. a claimant is entitled to the loss it would have suffered *"but for"* the breach). This general principle is subject to certain limitations and specifically English law rules on mitigation, legal causation and remoteness, which may restrict and/or limit recoverable damages. Signant Health will make submissions in respect of these matters in due course when it is in a position to quantify its damages claim.

26. In addition to contractual damages, Signant Health is entitled, under Article 12 of the 2022 SSA, to reimbursement for all of its costs and legal fees which it incurred in connection with a breach of Articles 8, 9, 10 or 11 of the 2022 SSA. Contractual indemnities for legal costs are enforceable in England and Wales (see, for example Nexedge Markets Limited v Trex Global Limited [2025] EWHC 3425 (Comm) at [§73]-[§80] where contractual indemnity for costs was enforced. Also see Littlestone and Ors v Macleish [2016] EWCA Civ 127 at [§38]).

27. Further, and in any event, the general rule in litigation before the High Court of England and Wales is that the unsuccessful party will be ordered to pay the costs of the successful party – subject to the Court's overriding discretion to make a costs order that it considers suitable in the circumstances of the case (see Civil Procedure Rule 44.2(2)(a)). Civil Procedure Rule 44.5 provides that where costs are payable under the terms of a contract, it will be presumed that those costs have been reasonably incurred and reasonable in amount.

28. In addition to the above, injunctive relief is available in English law pursuant to Section 37(1) of the Senior courts Act 1981 which provides the English High Court with the power to grant interlocutory or final injunctions in cases in which it appears to the court to be just and convenient to do so. The English Courts have granted injunctions to enforce non-solicitation clauses (Martin & Co (UK) Ltd v Cedra Ltd [2015] EWHC 1036 (Ch). Indeed, it has recently been

held that "*an injunction will generally be the appropriate remedy to enforce a lawful negative covenant on the straightforward basis that this is what the parties have bargained for*" (1) Derma Med Limited and (2) Peal Athena Limited v (1) Dr Zack Ally (2) Zackally Limited and (3) Dr Sanah Qasemzahi [2024] EWCA Civ 175 at [§77]. The English Courts have held that damages will generally not be an adequate remedy for a breach of a negative covenant such as that set out in Article 10.

29. As a direct and proximate result of Inventus's breach, Signant Health has suffered damages in an amount to be proven at trial, but in no event less than $75,000, and is entitled to injunctive relief, extension of the restrictive period, and its costs and attorneys' fees as provided in the 2022 SSA.

**SECOND CAUSE OF ACTION**
**Breach of Contract — Confidentiality (2022 SSA)**
**(Against Inventus Group Ltd)**

30. Signant Health incorporates by reference paragraphs 1 through 16 above as though fully set forth herein.

31. The 2022 SSA is a valid and binding contract enforceable by Signant Health against Inventus for the reasons given above at paragraphs 18 and 19. Contractual confidentiality clauses are enforceable in English Law (see Morris-Garner which concerned breach of a confidentiality provision).

32. Signant Health performed its obligations under the 2022 SSA, or such performance was excused.

33. Inventus breached the 2022 SSA's confidentiality covenant by using and disclosing Signant Health's confidential and proprietary information for purposes other than performance of the agreement, including to solicit and win business from Signant Health's clients. Paragraphs 25 to 28 above regarding the remedies available to Signant Health are repeated.

34. As a direct and proximate result of Inventus's breach, Signant Health has suffered damages in an amount to be proven at trial, but in no event less than $75,000, and is entitled to injunctive relief and its costs and attorneys' fees as provided in the 2022 SSA.

**PRAYER FOR RELIEF**

WHEREFORE, Signant Health respectfully requests that this Court enter judgment in its favor and against Inventus as follows:

1. Compensatory damages in an amount to be determined at trial, but not less than $75,000;

2. Injunctive relief enjoining Inventus from further soliciting, contacting, accepting business from, or diverting business from Signant Health's clients, and from using or disclosing Signant Health's confidential information, together with an extension of the restrictive period as provided in the 2022 SSA;

3. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

4. Costs of suit incurred herein;

5. Attorneys' fees pursuant to the 2022 SSA; and

6. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Signant Health hereby demands a trial by jury on all issues so triable.

September 16, 2026

Respectfully submitted,

**REED SMITH LLP**

*/s/ Tyler J. Siminski*
Tyler J. Siminski (ID #329027)
Jason E. Hazlewood (ID #93443)
Jorge M. Rojas (ID #323253)
Reed Smith Centre

225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
(412) 288-5744
Fax: (412) 288-3036
jhazlewood@reedsmith.com

*Attorneys for Plaintiff Signant Health Global LLC*